Robert LAMSON, et al., Plaintiffs–
Appellants,

v.

Richard BLUMENTHAL, et al.,
Defendants–Appellees.

No. 02–7978.

United States Court of Appeals,
Second Circuit.

Sept. 4, 2003.

---

Francis A. Miniter, Miniter and Associates, Hartford, CT, for Plaintiffs–Appellants.

Sharon A. Scully, Assistant Attorney General, State of Connecticut, for Defendants–Appellees.

Present: WINTER, CALABRESI, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiffs–Appellants, Special Deputy Sheriffs ("SDS") for the State of Connecticut, filed an action in federal district court under 42 U.S.C. § 1983, claiming that state officials violated their right to equal protection of the laws by denying them benefits to which state employees were entitled.

The district court found that SDS have always been classified as independent contractors with the state, rather than as state employees. Prior to 1991, SDS were compensated as vendors, and filed tax returns as self-employed contractors. In 1991, pursuant to a 1990 IRS ruling, SDS came to be treated as employees of the state for federal income tax purposes. Thereafter, SDS sought to be classified as state employees for other purposes; the Connecticut legislature, however, responded by passing P.A. 92–61, which clarified that SDS were still not eligible for benefits under the State Employees Retirement Act, Conn. Gen.Stat. §§ 5–152 *et seq.*, the State Personnel Act, Conn. Gen.Stat. §§ 5–193 *et seq.*, and the Act Concerning Collective Bargaining for State Employees, Conn. Gen.Stat. §§ 5–270 *et seq.* The legislative history of the relevant provisions noted that "Allowing contractual employees to unionize and receive benefits as state employees would be extremely costly to the state." SDS continued to lobby the legislature for state employee benefits and eventually secured the passage of P.A. 97–148, which redefined SDS as state employees for purposes of collective bargaining and benefits eligibility. Subsequently, the International Brotherhood of Police Officers was certified as SDS's collective bargaining representative. The union negotiated agreements with the state which, by the time the plaintiffs-appellants filed their Second Amended Complaint in the case before us, granted SDS the same benefits that other state employees received.

Plaintiffs-appellants claim, however, that they are entitled to retroactive compensation for the benefits they would have received had they been classified as state employees from the date on which they were hired. They contend that the defendants violated their right to equal protection of the laws by treating them differently from other state employees. The district court (Burns, *J.*) granted defendants' motion for summary judgment on

the plaintiffs' § 1983 claim, and they appeal.

On appeal, SDS do not challenge the district court's factual findings. Rather, appellants argue that the legislature's decision to deny SDS the benefits granted to state employees was not rationally related to a legitimate government interest, and therefore fails to satisfy the requirements of the equal protection clause. Specifically, they challenge the district court's ruling that cost savings is a legitimate government interest, and that denying certain benefits to SDS was rationally related to that objective.

Here, rational basis review is indisputably appropriate, since the statutory distinction at issue implicates no suspect classification or fundamental right. It is beyond cavil that a legislative classification subject to rational basis review " 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.' " *Connolly v. McCall*, 254 F.3d 36, 42 (2d Cir.2001) (per curiam) (quoting *Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993)). Whether to classify a certain category of workers as public employees or as independent contractors is a choice "left to [Connecticut's] legislature, not the federal courts," *id.* at 43. "[R]ational basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Id.* (internal citations and quotation marks omitted).

There is no indication that impermissible motives tainted the legislature's decision in the case before us. Indeed, the plaintiffs offer no evidence of any legislative objective other than the aim of conserving funds. The cost savings may not have been enormous, but the legislature is entitled to exercise its judgment in limiting public expenditures even when the savings are small. The plaintiffs gained the benefits they sought through the time-honored democratic processes of legislative lobbying and collective bargaining. The legislature, however, chose not to grant them retroactive compensation. It is not for us to do so.

We have considered all of the plaintiffs' arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.